**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| MICHAEL DUTY, | DOCKET NUMBER |
| Appellant, | SF-3443-15-0750-I-1 |
| v. | |
| DEPARTMENT OF THE NAVY, | DATE: June 17, 2016 |
| Agency. | |

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Shawn Rowan, Bremerton, Washington, for the appellant.

Matthew D. Dunand, Bremerton, Washington, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1    The appellant has filed a petition for review of the initial decision, which dismissed his appeal for lack of jurisdiction.  Generally, we grant petitions such as this one only when:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  See 5 C.F.R. § 1201.117(c).

administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

¶2  In this appeal, the appellant raised two claims:  that (1) the agency violated the Veterans Employment Opportunities Act of 1998 (VEOA) when it failed to select him for four different positions since February 2014; and (2) it involuntarily separated him in September 1994 following an injury.  Initial Appeal File (IAF), Tabs 1, 8.  The agency moved to dismiss the appeal for lack of jurisdiction and argued that the appeal was either untimely filed or barred by the equitable defense of laches.  IAF, Tab 6.  The administrative judge gave the appellant notice of the elements and burdens of establishing jurisdiction over his appeal and the parties responded.  IAF, Tabs 9, 12-14.  Without holding the requested hearing, the administrative judge dismissed the appeal for lack of jurisdiction, finding that the appellant failed to exhaust his administrative remedies under VEOA with the Department of Labor and that he failed to make a nonfrivolous allegation of fact that, if proven, would establish that his resignation was involuntary.  IAF, Tab 15, Initial Decision (ID).

¶3  In his petition for review, the appellant only addresses his involuntary resignation claim, reiterating the arguments he made below and contending that both the agency and the administrative judge based their decisions on hearsay. Petition for Review (PFR) File, Tab 1.  He does not challenge the dismissal of his VEOA claim.  He contends that the agency misinformed him about the choices he

faced following an on-the-job injury and that it coerced him into signing his resignation paperwork because he had to make a decision on the spot. *Id.* at 1. The appellant further argues that he only intended to take a temporary medical leave because the agency would not help him with his injury.[2] *Id.* He also asserts that the agency lacked reasonable grounds for threatening to take an adverse action against him. *Id.* at 6. With his petition for review, the appellant includes several documents which he claims discredit the agency's allegations against him and evidence a hostile work environment. *Id.* at 3-4, 11-18.[3] The agency responds in opposition. PFR File, Tab 3.

¶4 Employee-initiated actions, such as a resignation, are presumed to be voluntary, and thus outside the Board's jurisdiction. *Staats v. U.S. Postal Service*, 99 F.3d 1120, 1123-24 (Fed. Cir. 1996). However, an appellant may overcome the presumption by showing that: (1) his resignation was the product of misinformation or deception by the agency; or (2) his resignation was the product of coercion by the agency. *Id.* at 1124. The test for involuntariness is an objective one, requiring the appellant to show that a reasonable employee in the same circumstances would have felt coerced into resigning or retiring. *Conforto v. Merit Systems Protection Board*, 713 F.3d 1111, 1121 (Fed. Cir. 2013). An appellant is only entitled to a jurisdictional hearing over an alleged involuntary resignation if he makes a nonfrivolous allegation casting doubt on the presumption of voluntariness. *Burgess v. Merit Systems Protection Board*,

---

[2] The appellant asserted that he filed an injury claim that the Office of Workers' Compensation Programs denied. IAF, Tab 1 at 3, Tab 12 at 2-7. The administrative judge correctly noted that, without a compensable injury, an employee has no right to restoration under 5 C.F.R. § 353.301.

[3] Under 5 C.F.R. § 1201.115, the Board will not consider evidence submitted for the first time with the petition for review absent a showing that it was unavailable before the record was closed despite the party's due diligence. *Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980). The appellant makes no such showing. In any event, the documents fail to assist the appellant in meeting his jurisdictional burden to make a nonfrivolous allegation that his resignation was involuntary. PFR File, Tab 1 at 11-18.

758 F.2d 641, 643 (Fed. Cir. 1985). Nonfrivolous allegations of Board jurisdiction are allegations of fact which, if proven, could establish a prima facie case that the Board has jurisdiction over the matter at issue. *Id.*

¶5        We agree with the administrative judge that, even if the appellant could prove the facts he alleged, he has failed to make the requisite nonfrivolous allegation that his resignation was involuntary. ID at 7. The injury the appellant cites occurred in November 1992, nearly 2 years before his resignation, IAF, Tab 12 at 4-7, and he submitted nothing to indicate that his medical condition had worsened over that time such that the injury had anything to do with his resignation. He has similarly failed to identify any facts that, if established, would indicate that the agency lacked reasonable grounds for threatening to take an adverse action against him, or that the agency knew it could not prevail if it did so.[4] *See Baldwin v. Department of Veterans Affairs*, 109 M.S.P.R. 392, ¶ 12 (2008) (if an appellant shows that an agency knew that it would not prevail on a proposed adverse action, the proposed action is coercive and the resulting resignation is involuntary). Although he challenges this finding on review, PFR File, Tab 1 at 6, his conclusory assertions are insufficient to carry his jurisdictional burden, *e.g.*, *Briscoe v. Department of Veterans Affairs*, 55 F.3d 1571, 1573-74 (Fed. Cir. 1995) (explaining that bald allegations standing alone do not meet the nonfrivolous allegation standard).

¶6        Under the circumstances, the appellant faced an unpleasant choice, but he has failed to meet his burden of nonfrivolously alleging that his resignation was involuntary. *See Schultz v. United States Navy*, 810 F.2d 1133, 1136 (Fed. Cir. 1987) (stating that the fact that an employee faces an unpleasant choice of either

---

[4] Rather than show that the agency lacked reasonable grounds to take an adverse action against him, the appellant's assertions on review regarding the amount of time required to operate his "side-line business" instead lend credence to the sworn statement of an agency official who recalled that the appellant's first-line supervisor found him moonlighting on another jobsite at a time he called in sick. PFR File, Tab 1 at 4; IAF, Tab 6 at 7, 14.

resigning or facing removal for cause does not render his decision involuntary). We therefore affirm the administrative judge's decision dismissing the involuntary resignation appeal for lack of jurisdiction.[5]

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the U.S. Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the U.S. Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

---

[5] As previously noted, the appellant does not challenge on review the administrative judge's finding that he failed to exhaust his VEOA administrative remedies. In any event, we discern no basis for disturbing that finding.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:            _____
                          William D. Spencer
                          Clerk of the Board

Washington, D.C.